IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Willie Ervin, #236907, ) | |
| ) | Civil Action No. 6:04-23176-GRA-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Colie Rushton, Warden, and ) | |
| Henry McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined to McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Greenwood County. At the August 1996 term, the Grand Jury for Greenwood County issued a four-count indictment of the petitioner for burglary, kidnapping, assault with intent to commit criminal sexual conduct ("AICSC"), and assault and battery of a high and aggravated nature ("ABHAN") (96-GS-23-1081).

The petitioner was represented at the trial level by Public Defender Robert J. Tinsley and Assistant Public Defender Rutledge Martin. From December 4-6, 1996, the Honorable James W. Johnson, Jr., conducted a jury trial of the petitioner on the burglary, kidnapping, and AICSC charges only. On December 6, 1996, the jury found the petitioner guilty of kidnapping and AICSC but acquitted him of burglary. Judge Johnson then sentenced the petitioner to two concurrent life terms for the kidnapping and AICSC charges.

A timely notice of appeal from the convictions and sentences was filed by Mr. Tinsley on December 9, 1996. Appellate Defender Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, was appointed to represent the petitioner in his direct appeal. On March 3, 1998, Savitz filed with the South Carolina Court of Appeals a final brief of appellant, in which he raised the following issue on behalf of the petitioner:

> The lower court did not have subject matter jurisdiction to convict and sentence Appellant for assault with intent to commit first degree criminal sexual conduct where the grand jury only indicted him for "wilfully and unlawfully assault(ing] with intent to commit criminal sexual conduct, in attempt to accomplish sexual battery upon the person of the victim".

The State filed its final brief of respondent also on March 3, 1998.

Oral argument was held before the state Court of Appeals on November 4, 1998. In an opinion dated November 16, 1998, the Court of Appeals reversed the AICSC conviction only for lack of subject matter jurisdiction in the trial court. *State v. Ervin*, 510 S.E.2d 220 (S.C. Ct. App. 1998), *overruled by State v. Gentry*, 2005 WL 524813 (S.C. March 7, 2005). The remittitur was sent down on December 2, 1998.

The petitioner filed an application for post-conviction relief ("APCR") on June 2, 2000 (00-CP-24-0596). In his application, the petitioner raised the following claims:

  (1) Counsel just appeal one charge.

  (2) Kidnapping the max is thirty years.

  (3) Malicious prosecution.

2

The State filed a return and motion to dismiss on September 7, 2002.

On March 6, 2001, The Honorable Gary E. Clary issued to the petitioner a rule to show cause based on the PCR statute of limitations. The petitioner, through his appointed counsel, filed a return to the rule to show cause dated April 6, 2001. A form order vacating the rule to show cause and ordering an evidentiary hearing was signed by the Honorable Joseph J. Watson on June 13, 2001.

An evidentiary hearing in the petitioner's APCR was held before the Honorable Wyatt T. Saunders, Jr., on May 28 and 31, 2002. The petitioner was present and represented by his counsel C. Lance Sheek. The petitioner called himself and trial counsel Tinsley to testify; the State called Appellate Defender Savitz. The petitioner expressly went forward only on the claim that appellate counsel was ineffective for failing to assert the trial court erred in excluding evidence of the victim's adultery. Judge Saunders orally denied relief on the issue at the hearing, and on July 11, 2002, signed an order of dismissal in which he rejected the petitioner's claims.

Attorney Shook filed and served a notice of appeal from Judge Saunders' dismissal of the APCR. Subsequently, attorney William J. Sussman was appointed to represent the petitioner. On February 18, 2003, Sussman filed with the South Carolina Supreme Court a petition for writ of certiorari in which he raised the following issue on behalf of the petitioner:

> Did the Court err in denying Petitioner's request for post-conviction relief in finding that his appellate counsel was not ineffective for failing to raise the issue of the trial court's ruling excluding evidence of the victim's prior adultery?

A return to the petition for writ of certiorari was filed on February 19, 2004.

The State ultimately flied a motion to submit a supplemental appendix, and Mr. Sussman followed on March 1, 2004 ,with a supplemental brief and return to the State's

motion to file a supplemental appendix, in which he asserted that the recidivist enhancement provision was cruel and unusual, and that there was insufficient evidence to support the use of the petitioner's New Jersey conviction as a qualifying prior offense. On March 17, 2004, the state Supreme Court issued an order in which it granted the State's motion for a supplemental appendix but denied consideration of the petitioner's supplemental brief for procedural reasons. The state Supreme Court issued an order denying the petition for writ of certiorari on October 21, 2004, and the remittitur was sent down on November 8, 2004.

In his action now pending before this court, the petitioner makes the following allegations (verbatim):

> (1)   Ineffective trial counsel
>
> Failing to appeal both convictions to the court of appeals, since I was led to believe that both convictions was appealed I could not raise the kidnapping conviction at PCR because of the 1 year statute of limitations. Trial counsel fail to raise the issue of the courts ruling excluding evidence of The victim's adultery.
>
> (2)   Denial of right to appeal
>
> On 12-6-96 I was tried and convicted of kidnapping, assault with intent to commit criminal sexual conduct. Criminal sexual conduct was reversed Kidnapping was never challenged on appeal because trial attorney did not appeal it. I could not raise the kidnapping on PCR, because my not knowing it was not appealed. The one-year statute of limitations caused it to be dismissed in PCR.
>
> (3)   Denial of effective appellate counsel
>
> Failure to raise the issue of the trial courts ruling excluding evidence of the victims prior adultery.
>
> (4)   Denial of effective trial counsel
>
> Failing to object to my sentence being enhanced to LWOP without the jury being instructed on the evidence of a prior conviction more than 10 years old, failure to research rules of evidence Rule 609(B), and failure to research and to motion for

4

a Rule 403/Rule 404 analysis in compliance of Rules of Evidence. And failing to object to the defective and void indictments not being filed by the Clerk of Court.

On April 1, 2005, the respondents filed a motion for summary judgment. By order of this court filed April 5, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response to the motion on May 6, 2005.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d) provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

> pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondents first argue that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). The petitioner was convicted by a jury and was sentenced on December 6, 1996. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had 10 days following his sentencing in which to

serve a notice of appeal, S.C.A.C.R. 203 (b)(2),[1] which he did. The South Carolina Court of Appeals issued its opinion reversing the AICSC conviction only for lack of subject matter jurisdiction on November 16, 1998. The petitioner is given the benefit of the 90-day period in which he could have sought certiorari from the United States Supreme Court.[2] *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000). Accordingly, his direct appeal became final on February 14, 1999. Therefore, the plaintiff had until February 14, 2000, to file his federal habeas corpus action unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2). The plaintiff filed his state PCR action on June 2, 2000. At that point, 474 days of non-tolled time had run since the period of limitations began on February 14, 1999. On October 21, 2004, when the South Carolina Supreme Court issued its order denying certiorari review on the dismissal of the state PCR, the time began to run once more.

The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date of the instant petition was November 22, 2004. *See* 12/15/04 order at 1, n. 1. Accordingly, another 32 days of non-tolled time accrued, for a total of 506 days of non-tolled time since the petitioner's period of limitations began to run on February 14, 1999. As a result, the instant petition was filed, at the very least, some 141 days late.

---

[1] Rule 203. Notice of Appeal
   (a) Notice. A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules. Service and filing are defined by Rule 233.
   (b) Time for service.
   ***
   (2) Appeals From the Court of General Sessions. After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.
S.C.A.C.R. 203(b)(2)).

[2] As noted by the respondents, the petitioner did not seek discretionary review from the South Carolina Supreme Court during the direct appeal; therefore, there is some question as to whether this would preclude the possibility of seeking certiorari review by the United States Supreme Court (resp. m.s.j. 7, n. 1). For purposes of this motion and giving the petitioner every benefit of the doubt, the court will include this 90-day period for purposes of calculating the tolled time.

7

The petitioner does not address the respondents' statute of limitations argument in his response brief. Nonetheless, the court will consider whether the petitioner is entitled to equitable tolling of the statute of limitations, as his attorney argued during the state PCR.

In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals described the analysis of a claim of equitable tolling as follows:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* at 330. The court went on to find:

> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that "extraordinary circumstance" external to Harris that would justify equitable tolling. *See Taliani*, 189 F.3d at 598 (holding that a lawyer's miscalculation of a limitations period is not a valid basis for equitable tolling); *see also Sandvik*, 177 F.3d at 1272 (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition

>by ordinary mail rather than to use some form of expedited delivery); *Fisher*, 174 F.3d at 714-15 (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr*, 141 F.3d at 978 (same); *Gilbert v. Secretary of Health and Human Services*, 51 F.3d 254, 257 (Fed.Cir.1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation).

*Id.* at 330-31.

There is no allegation that the State of South Carolina contributed in any way to the petitioner's delay in filing. In the return to rule to show cause dated April 6, 2001, the petitioner's attorney argued as follows in response to the State's motion to dismiss the state PCR based upon the state statute of limitations:

>[P]ursuant to his discussion with trial counsel, Robert Tinsley, [the petitioner] was [led] to believe that his convictions for all offenses were under appeal. The appellant had instructed his attorney to appeal all charges and was unaware and uninformed that the appeal was only filed for the conviction of assault with intent to commit criminal sexual conduct. . . . [A]t no time was [the petitioner] aware that only part of the verdict was appealed. [The petitioner] would further show unto this court that it was in January 2000, that he was informed that only one charge of his conviction had been appealed and reversed.

(4/6/01 return to rule to show cause).

In *Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004), the Fourth Circuit Court of Appeals held that because the petitioner, who had been sentenced to death and filed his federal habeas petition one day late, had not shown that extraordinary circumstances beyond his control prevented him from timely filing his federal habeas petition, equitable tolling should not apply. In so deciding, the court stated, "Former counsel's errors are attributable to [the petitioner] not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were

attributable to him under standard principles of agency." *Id.* at 249. The court further noted that as there is no constitutional right to counsel in collateral proceedings, any failure attributed to collateral counsel is necessarily attributable to the petitioner. *Id.* at 250.

Here, the petitioner claimed that he was unaware that his kidnapping conviction remained intact until January of 2000. However, the petitioner waited at least another four months from that time before filing his APCR in state court on June 2, 2000. As noted by the respondents, that "would mean that despite being imprisoned for life without parole, he did not check on the status of his direct appeal until over three years after it began, and over a year and two months after it had been finally concluded with a published opinion reversing one of his convictions" (resp. m.s.j. 10). Importantly, the petitioner admitted at PCR that he timely received a copy of the appellate decision, which reversed only his assault with intent to commit criminal sexual conduct conviction and not the kidnapping conviction, in November 1998 (app. 8). Ignorance of the law and lack of counsel are not an excuse. *See Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) (ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing). Moreover, "'equity is not warranted for those who sleep on their rights.'" *Id.* at 725 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Clearly, there are no extraordinary circumstances beyond the petitioner's control that made it impossible to file the claims on time. Thus, equitable tolling is not warranted here, and the petitioner's action is barred by AEDPA's statute of limitations. *See e.g. Coleman v. Johnson*, 184 F.3d 398, 402-403 (5th Cir. 1999) (in case where state PCR was not stamped until a month after it was delivered to the mail room, refusing to apply equitable tolling, as petitioner did not file his federal habeas petition until six months after learning of the denial of his state PCR); *Guillen v. Terhune*, 14 Fed. Appx. 865, 867 (9th Cir. 2001) (alleged delay in receiving state supreme court's decision denying the state habeas

petition did not warrant equitable tolling where petitioner failed to act diligently and did not begin any research or any other efforts until almost nine months into the limitations period).

## CONCLUSION AND RECOMMENDATION

As the federal petition was at least 141 days late and being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.[3]  Wherefore, based upon the foregoing, it is recommended that the petition for habeas corpus relief be denied and that the respondents' motion for summary judgment be granted.[4]  *See Rouse*, 339 F.3d at 257 (affirming dismissal of petition filed one day late).

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 21, 2005

Greenville, South Carolina

---

[3] The recent decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), is inapposite on the facts.

[4] As this court has recommended dismissal based on statute of limitations, the respondents' other grounds for dismissal will not be addressed.

11