IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie Ervin, #236907,<br><br>    Petitioner,<br><br>  v.<br><br>Colie Rushton, Warden; and Henry McMaster, Attorney General of the State of South Carolina,<br><br>    Respondents. | C/A No. 6:04-23176-GRA-WMC<br><br>**ORDER**<br>(Written Opinion) |

  This matter is before the Court for review of the magistrate's Report and Recommendation filed December 21, 2005 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. Petitioner brings this suit pursuant to 28 U.S.C. § 2254. The magistrate recommended that the case be dismissed because petitioner's suit is untimely under the statute of limitations requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the following reasons, this Court accepts the recommendation of the magistrate and holds that the Petitioner's motion pursuant to 28 U.S.C. § 2254 is DISMISSED and that Respondents' motion for summary judgment is GRANTED.

  Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Cruz*

1

*v. Beto*, 405 U.S. 319 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on January 17, 2006. Petitioner objects to the magistrate's application of the facts and analysis to the issue of equitable tolling. The Petitioner's argument is not entirely clear but he seems to only rehash his previous arguments pursuant to the issue of equitable tolling. After a review of the magistrate's recommendation, this Court holds that the magistrate's finding on the issue of equitable tolling is based upon the proper law and Petitioner's suit is untimely under the statute of limitations requirements of the AEDPA. Petitioner's remaining objections are general, unclear and repetitive and do not require *de novo* review.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment

be GRANTED and this action be DISMISSED.

    IT IS SO ORDERED.

                                        G. ROSS ANDERSON, JR.
                                        UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January 19, 2006.

## NOTICE OF RIGHT TO APPEAL

    Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.